Filed 12/11/15  P. v. Sims CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLTON SIMS,<br><br>    Defendant and Appellant. | C078994<br><br>(Super. Ct. No. 14F04572) |

In March 2015, defendant Carlton Sims pled no contest to resisting an executive officer in return for a stipulated midterm sentence of two years in state prison.  According to the parties' stipulation at the plea hearing, defendant unlawfully used force and violence on or about July 5, 2014, in Sacramento County to resist Sacramento County Sheriff's Deputy McEntire, a peace officer performing his lawful duties, and whom defendant knew to be such.

In April 2015, the trial court imposed the stipulated sentence.  The court awarded defendant 495 days of presentence custody credit (222 actual days, 222 conduct days, and

1

51 state hospital days).  The court ordered defendant to pay a $600 restitution fine, a $600 suspended parole revocation restitution fine, a $40 court security fee, and a $30 criminal conviction assessment.  The court also ordered defendant to pay a criminal impact fee.

Following a communication from appellate counsel, in June 2015, the trial court reduced the restitution fine and the suspended parole revocation restitution fine to $300 each and vacated the criminal impact fee.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

                                       /s/
                                       Robie, J.

We concur:

/s/
Raye, P. J.

/s/
Renner, J.